BETHANY ENGEL
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-6892

SUSAN STEELE
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey  07102
(973) 645-2920

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>WALL HERALD CORPORATION; )<br><br>Defendant. )<br>) | Civil Action No. _____ |

---

## COMPLAINT

The United States of America, by authority of the Attorney General of the United

States and through the undersigned attorneys, acting at the request of the Regional Administrator

of the United States Environmental Protection Agency ("EPA") for Region II, files this

complaint and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 107 and 113(g)(2) of the

Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2) ("CERCLA"). In this action, the United States seeks to recover costs incurred and to be incurred by the United States in response to releases or threatened releases of hazardous substances at or from the Monitor Devices/Intercircuits, Inc. Superfund Site ("Site") located in Wall Township, Monmouth County, New Jersey.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

4.      Defendant Wall Herald Corporation ("Wall") is a New Jersey corporation with its principal place of business in New Jersey. Wall is the current owner of the Site, and has owned the Site since in or about 1961. During its ownership of the Site, Wall leased the Site to Monitor Devices, Inc. ("Monitor Devices"), which conducted manufacturing operations at the Site involving the use of volatile organic compounds ("VOCs"), and resulting in the disposal of VOCs, hazardous substances, at the Site.

5.      Defendant Wall is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

2

THE SITE

6.      The Site comprises approximately 2 acres at the Monmouth Executive Airport

("Airport"), located at State Highway 34, Wall Township, Monmouth County, New Jersey,

including the building formerly leased by Monitor Devices and the surrounding land, as well as

the areal extent of the groundwater contaminant plume on and adjacent to the Airport property.

The Site is located within a tract of land, also owned by Wall, that is approximately 645 acres in

size.

GENERAL ALLEGATIONS

7.      To address the release or threatened release of hazardous substances at the Site,

EPA has conducted response activities in connection with the Site, pursuant to CERCLA

Section 104, 42 U.S.C. § 9604.  EPA has incurred costs related to such response activities.

8.      In 1986, EPA listed the Site on the National Priorities List ("NPL"), established

pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.  The NPL is a list of priority hazardous

waste sites in the United States.

9.      In 1987, the New Jersey Department of Environmental Protection ("NJDEP")

initiated Phase I of a Remedial Investigation ("RI") at the Site.  After completing Phase I of the

RI, NJDEP requested that EPA assume responsibility for response actions at the Site.  In 1992,

EPA commenced Phase II of the RI, which was completed in June 2004.  A Feasibility Study of

remedial alternatives was completed in August 2005.

10.      In September 2005, EPA issued a Record of Decision ("ROD") in which it

selected a remedy for the groundwater contamination at the Site.  The remedy includes *in situ*

treatment of VOC contaminants in the groundwater through enhanced bioremediation, long-term

monitoring, and institutional controls to restrict the use of groundwater within the area until the aquifer is restored.

11.     The Remedial Design for the selected remedy began in September 2005.

12.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

13.     At times relevant to this action, there were releases or threats of releases of hazardous substances into the environment at or from the Site within the meaning of Sections 101(14), 101(22), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

14.     EPA's actions at the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

15.     In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA incurred response costs through January 31, 2007 of at least $5,671,100.26, plus interest.  EPA will continue to incur future response costs in connection with the Site.

16.     The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

17.     The United States has not been reimbursed for any of the response costs the United States incurred, and continues to incur, for response actions taken at the Site.

<u>CLAIM FOR RELIEF</u>

18.     Paragraphs 1-17, above, are realleged and incorporated herein by reference.

19.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) provides, in pertinent part, that:

(1)     the owner and operator of a vessel or a facility, [and]

(2)     any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of . . . shall be liable for–

    (A)     all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan. . . .

20.     Pursuant to Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), as the present owner of the Site and as a person who at the time of the disposal of hazardous substances was an owner of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A), Wall is jointly and severally liable to the United States for all costs incurred and to be incurred by the United States in connection with Site, including enforcement costs and interest on all such costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant, jointly and severally, to reimburse the United States for all costs of the response actions taken at the Site, including interest, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

b. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment that Defendant is jointly and severally liable for all future response costs incurred by the United States in connection with the Site;

c. Award the United States its costs of this action, including the costs of attorney time; and

d. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,


RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


Dated:  September 11, 2007          s/ Bethany Engel
BETHANY ENGEL
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-6892



CHRISTOPHER J. CHRISTIE
United States Attorney
District of New Jersey


SUSAN STEELE
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2920

OF COUNSEL:

DAMARIS URDAZ CRISTIANO
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1866
(212) 637-3140

6